```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**WILLIS SHANE GORDON,**
     **Plaintiff,**

   **v.**         **CASE NO.  12-3153-SAC**

**DANIEL LOVE,**
     **Defendant.**

## O R D E R

  This civil complaint, 42 U.S.C. § 1983, was filed pro se by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas. Having examined the materials filed, the court finds as follows.

## INITIAL PARTIAL FILING FEE ASSESSED

  The statutory fee for filing a civil rights action is $350.00. Plaintiff has filed a Motion to Proceed Without Prepayment of Fees (Doc. 2), and has attached an Inmate Account Statement in support as statutorily mandated. Under 28 U.S.C. § 1915(b)(1), a plaintiff granted such leave is not relieved of the obligation to pay the full fee. Instead, he is merely entitled to proceed without prepayment of the full fee, and to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2). Furthermore, § 1915(b)(1), requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months

immediately preceding the date of filing of a civil action. Having examined the records of plaintiff's account, the court finds the average monthly deposit to plaintiff's account is $16.20, and the average monthly balance is less. The court therefore assesses an initial partial filing fee for this action of $3.00, twenty percent of the average monthly deposit, rounded to the lower half dollar. Plaintiff must pay this initial partial filing fee before this action may proceed further, and will be given time to submit the fee to the court. His failure to submit the initial fee in the time allotted may result in dismissal of this action without further notice.

**SCREENING**

Because Mr. Gordon is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). Having screened all materials filed, the court finds the complaint is subject to being dismissed for the following reason.

The sole defendant is Daniel L. Love, whom plaintiff alleges is a "District Judge" in Dodge City, Kansas. As the factual basis for his claim against Judge Love, plaintiff alleges as follows. He mailed pleadings and motions to state court, and defendant Love "refused to docket the petition demanding that petitioner prepay a

$5.00 docket fee." His inmate account has a negative balance and he cannot pay court fees. Defendant directed the court clerk not to return copies of petitioner's filings for his records. Defendant has used his "administrative authority" to "shield and protect unconstitutional conditions in the Ford County Jail in 2009 and the death of an inmate from lack of medical care in 2010." Plaintiff's state habeas "exposes" these matters.

Based on the foregoing facts, plaintiff claims defendant is denying his constitutional rights to the writ of habeas corpus, equal protection, due process, and access. He seeks a declaratory judgment, injunctive relief, punitive damages, and costs.

It is well-settled that a judge has absolute immunity from liability for damages for acts committed within the scope of his or her judicial capacities. *Stump v. Sparkman*, 435 U.S. 349 (1978); *Mireles v. Waco*, 502 U.S. 9 (1991). The Tenth Circuit has explained:

> The doctrine of absolute immunity ensures judges and judicial officers perform their duties vigorously and without fear of time-consuming, costly, "vindictive or ill-founded damage suits brought on account of action taken in the exercise of their official responsibilities." See Smith v. Losee, 485 F.2d 334, 341 (10th Cir.1973) (quotation marks and citation omitted). Judges enjoy absolute judicial immunity even if "flawed by the commission of grave procedural errors" Whitesel, 222 F.3d at 867 (quotation marks and citation omitted), and regardless of a judge's "motive or good faith," Smith, 485 F.2d at 342 (citations omitted), or whether "the judge is accused of acting maliciously and corruptly," Pierson, 386 U.S. at 554, 87 S.Ct. 1213.

*Giron v. Chapparo*, 167 Fed.Appx. 716, 719 (10th Cir.

2006)(unpublished).[1]

Plaintiff makes the conclusory statement that defendant's acts were "done in a non-judicial capacity." However, his own allegations and exhibits indicate otherwise. The imposition of a court filing fee, the refusal to file a petition without payment of the filing fee, and the denial of a request for provision of copies paid for by the court, as well as judicial decisions on conditions claims, are all clearly acts taken within a judge's judicial capacity. The facts, as opposed to the conclusory statements, alleged by plaintiff, taken as true, in no way suggest that the defendant judge's acts were taken "in the complete absence of all jurisdiction." *Id.* Moreover, plaintiff does not specify what sort of injunctive relief he seeks that this court has authority to grant. Accordingly, this action is subject to being dismissed as seeking damages from a defendant that is immune from such relief and for failure to state a claim for injunctive relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

The court notes that fees are regularly imposed for filing habeas corpus petitions in state as well as federal court. Plaintiff's exhibits indicate the fee was based upon his income. Thus, the fact that a court fee was imposed upon and enforced against plaintiff does establish that his right to habeas corpus or equal protection of the law was violated.

---

[1] Unpublished cases are cited herein for their persuasive reasoning, and are not binding precedent.

The court further notes that any claim regarding a delay in state court process or imposition of improper fees is one for the state appellate courts in the first instance. In addition, any habeas claims arising from state court convictions must be fully exhausted in state court before they may be presented in federal court.

Plaintiff is given time to show cause why this action should not be dismissed for the reasons stated herein. If he fails to show good cause within the time allotted by the court, this action will be dismissed without further notice.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is granted twenty (20) days in which to submit to the court an initial partial filing fee of $ 3.00. Any objection to this order must be filed on or before the date payment is due. The failure to pay the fees as required herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that within the same twenty-day period, plaintiff must show cause why this action should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

Dated this 23rd day of July, 2012, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge